UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACKIE RAE RUMMELL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of the Social<br>Security Administration,<br><br>　　　　　Defendant. | Case No. CV 15-01341 RAO<br><br>**MEMORANDUM OPINION AND ORDER** |

## I. SUMMARY OF RULING

Plaintiff Jackie Rae Rummell ("Plaintiff") challenges the denial of her application for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI"). The Administrative Law Judge ("ALJ") found that Plaintiff could perform past relevant work and therefore, is not disabled. (Administrative Record ("AR") 24).

Plaintiff contends that the ALJ erred in failing to include additional mental impairments in the residual functional capacity ("RFC") assessment, improperly

finding Plaintiff not entirely credible, failing to consult with a vocational expert ("VE") regarding Plaintiff's new exertional and non-exertional limitations, and improperly applying res judicata to the prior RFC determination by another ALJ. For the reasons discussed below, this Court finds that Plaintiff's claim has merit.

## II. PLAINTIFF'S CONDITIONS AND PROCEEDINGS BELOW

On March 18, 2008, Plaintiff applied for the first time for DIB and SSI based on a variety of physical ailments. (See AR 90). After an administrative hearing, the ALJ found that Plaintiff's status epilepticus constituted a "severe impairment" under federal regulations but was not severe enough to medically equal a listing. (AR 92-94). The ALJ also found that Plaintiff's hypertension constituted a nonsevere impairment. (AR 94). After assigning varying weight to Plaintiff's treating and examining physicians and taking into consideration the testimony of a VE, the ALJ determined that Plaintiff had the RFC to perform the full range of work at all exertional levels as defined in 20 C.F.R. § 404.1567 with certain limitations. (AR 94-96). Specifically, the ALJ found that Plaintiff had nonexertional limitations precluding climbing ladders and scaffolds, with only occasional climbing of stairs and ramps; postural limitations of occasional balancing, stooping, and crawling; and environmental limitations precluding work at unprotected heights or around dangerous machinery, and concentrated exposure to heat, cold, vibrations, dust, fumes, and pulmonary irritants. (AR 94). Taking into consideration these restrictions and the VE's testimony, the ALJ determined that Plaintiff was capable of performing past relevant work as a telephone solicitor as it is actually performed. (AR 96). Consequently, the ALJ determined that Plaintiff was not disabled and thus not entitled to benefits. (AR 97).

On March 21, 2012, Plaintiff again applied for DIB and on April 12, 2012, for SSI based on a variety of physical and mental ailments. (AR 209-225). After an administrative hearing, the ALJ found that Plaintiff's status epilepticus and mild

early degenerative osteoarthritis and osteopenia of the left hip constituted "severe impairments" under federal regulations but were not severe enough to medically equal a listing. (AR 19-22). The ALJ also found that Plaintiff's hypertension, chronic back pain, and memory loss and mental impairments constituted nonsevere impairments. (AR 20-21).

Thereafter, the ALJ studied and assigned varying weight to the opinions of examining consultants, treating physicians, and other medical professionals that reviewed Plaintiff's records. (AR 19-21). Specifically, the ALJ gave great weight to the opinions of two consultative examiners, Dr. Wallack and Dr. Brawer. (AR 20-21). The ALJ cited but did not specify weight accorded to the observations of Plaintiff's treating physician, Dr. Ter-Poghosyan. (AR 20-21). Ultimately, the ALJ found that Plaintiff's medically determinable impairments could reasonably have been expected to cause her alleged symptoms. (AR 22-24). However, he also found that Plaintiff's statements regarding the intensity, persistence, and limiting effects of her symptoms were "not entirely credible."[1] (AR 22-24). As a result, the ALJ determined that Plaintiff had the RFC to perform the full range of medium work, as defined 20 C.F.R. § 404.1567(c), with the same nonexertional, postural, and environmental limitations determined by the prior ALJ's decision. (AR 24). Specifically, the ALJ determined that Plaintiff's new hip and mental impairments were not "material changes" since the last ALJ's RFC assessment, and accordingly adopted the prior assessment. (AR 24). Consequently, the ALJ determined that Plaintiff could perform past relevant work as a telephone solicitor, was not disabled, and not entitled to benefits. (AR 24-25).

\\

---

[1] When making the credibility finding, the ALJ pointed to the lack of objective medical evidence corroborating Plaintiff's complaints, Plaintiff's failure to pursue medical treatment for her alleged impairments, and her activities of daily living inconsistent with disabling impairments. (AR 23).

3

### III. ISSUE PRESENTED

Whether the ALJ's determination that Plaintiff could perform past relevant work as a telephone solicitor is supported by substantial evidence in the record. (Plaintiff's Memorandum in Support of Complaint ("Pl.'s Compl.") at 3).

### IV. STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. A court must affirm an ALJ's findings of fact if they are supported by substantial evidence and if the proper legal standard was applied. Mayes v. Massanari, 276 F.3d 453, 458-59 (9th Cir. 2001). Substantial evidence is more than a mere scintilla but less than a preponderance. Id. at 459. Substantial evidence is "relevant evidence which a reasonable person might accept as adequate to support a conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998) (citing Jamerson v. Chater, 112 F.3d 1064, 1066 (9th Cir. 1997)). To determine whether substantial evidence supports a finding, a court must "consider the record as a whole, weighing both evidence that supports and detracts from the [ALJ's] conclusion." Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)).

A court must uphold the ALJ's conclusion even if the evidence in the record is susceptible to more than one rational interpretation. Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999) (citing Andrews v. Shalala, 53 F.3d 1035, 1040-41 (9th Cir. 1995)); see Mayes, 276 F.3d at 459. If the evidence can reasonably support either affirming or reversing the ALJ's decision, "the court may not substitute its judgment for that of the ALJ." Aukland, 257 F.3d at 1035 (citation omitted). The court has the authority to affirm, modify, or reverse the ALJ's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g). Remand is appropriate where additional proceedings would remedy the

\\

defects in the ALJ's decision. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).

## V. DISCUSSION

### A. Pertinent Law

The Social Security statute and implementing regulations establish a five-step sequential process to evaluate disability claims. 20 C.F.R. § 404.1520 (a)-(f); Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999). At step four, the inquiry is whether the claimant can perform past relevant work "either as actually performed or as generally performed in the national economy." Carmickle v. Comm'r of Soc. Sec. Admin., 533 F.3d 1155, 1166 (9th Cir. 2008). The testimony of a VE is often critical to the ALJ in making this determination. See 20 C.F.R. § 404.1560(b)(2).

The claimant has the burden to show that she cannot perform her past relevant work. Pinto v. Massanari, 249 F.3d 840, 844 (9th Cir. 2001). However, the ALJ "has a duty to make the requisite factual findings to support his conclusion." Id.; Carmickle, 533 F.3d at 1166. An ALJ's determination that the claimant has the RFC to perform her past relevant work must contain a finding of fact that the individual's RFC would permit a return to the position. Social Security Ruling 82-62, 1982 WL 31386, at *4; see 20 C.F.R. § 404.1520(f).

The ALJ first assesses a claimant's RFC, defined as the most that a claimant can do despite physical and mental limitations caused by his impairments and related symptoms. 20 C.F.R. § 416.945. The ALJ is "required to consider all of the limitations imposed by the claimant's impairments, even those that are not severe." Carmickle, 533 F.3d at 1164. As with the other steps of the sequential analysis, the ALJ properly considers the medical opinions of the claimant's treating physicians, examining physicians, and non-examining physicians. Generally, the greatest weight is accorded to the claimant's treating physician, because the treating

5

physician has the most contact and a better opportunity to know and observe the claimant as an individual. Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003). "[I]f the treating doctor's opinion is contradicted by another doctor, the Commissioner may not reject this opinion without providing 'specific and legitimate' reasons supported by substantial evidence in the record for so doing." Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995) (quoting Murray v. Heckler, 722 F.2d 499, 502 (9th Cir. 1983)).

"The principles of res judicata apply to administrative decisions, although the doctrine is applied less rigidly to administrative proceedings than to judicial proceedings." Chavez v. Bowen, 844 F.2d 691, 693 (9th Cir. 1988). Accordingly, a prior ALJ's finding that a claimant is not disabled creates a presumption that the claimant continued to be able to work after that date. Vasquez v. Astrue, 572 F.3d 586, 597 (9th Cir. 2009). "The presumption does not apply, however, if there are 'changed circumstances.'" Lester, 81 F.3d at 827 (quoting Taylor v. Heckler, 765 F.2d 872, 875 (9th Cir. 1985)); Social Security Acquiescence Ruling ("SSAR") 97-4(9), 1997 WL 742758, at *3. Changed circumstances include when "the claimant raises a new issue, such as the existence of an impairment not considered in the previous application." Lester, 81 F.3d at 827-28; SSAR 97-4(9), 1997 WL 742758, at *3. "Acquiescence Ruling 97-4(9) requires only a 'changed circumstance affecting the issue of disability,' not necessarily a severe impairment." Gregg v. Colvin, 2013 WL 2423132, at *5 (C.D. Cal. June 4, 20130) (internal quotation marks omitted). Even when changed circumstances are shown, the prior ALJ's findings "concerning the claimant's residual functioning capacity, education, and work are entitled to some res judicata consideration in subsequent proceedings." Chavez, 844 F.2d at 694.

### B. Analysis

Consistent with Chavez and the Social Security Administration's

6

Acquiescence Ruling 97-4(9), the ALJ addressed whether Plaintiff had shown "changed circumstances" sufficient to rebut the presumption of continuing non-disability. Plaintiff contends that the ALJ's determination that her new impairments do not constitute "changed circumstances" is not supported by substantial evidence in the record. (Pl.'s Compl. at 3-12). It is not supported, Plaintiff argues, because the ALJ failed to properly consider her new physical and mental limitations and did not take the testimony of a vocational expert regarding these new limitations in determining her RFC. (Id.) The Court agrees.[2]

      Here, the ALJ found that Plaintiff's new hip impairment, mental impairments, and memory loss were not "material changes" that would alter the overall conclusion that Plaintiff was able to perform her past relevant work as a

---

[2] Plaintiff also argues that the ALJ's credibility assessment of Plaintiff was not supported by substantial evidence. (Pl.'s Compl. at 5). However, the ALJ specifically articulated the reasons for his adverse credibility determination, including the lack of objective medical evidence corroborating Plaintiff's complaints, Plaintiff's failure to pursue medical treatment for her alleged impairments, and her activities of daily living inconsistent with disabling impairments. (AR 23). These are legitimate factors that support the ALJ's credibility determination. See Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996). Moreover, the ALJ at the prior hearing also found Plaintiff to be "not entirely credible" in regards to her testimony about the extent and severity of her impairments. (AR 95-96). Because the ALJ made specific findings stating clear reasons for his determination, the Court "may not second-guess it." Rodriquez v. Astrue, 279 Fed. App'x 512, 513 (9th Cir. 2008). However, to the extent that the ALJ based his adverse credibility determination on the "minimal objective medical findings" supporting Plaintiff's complaints, the Court notes that the ALJ repeatedly cites the treatment records of Dr. Ter-Poghosyan without specifying weight assigned to those opinions. (AR 20-21). These records show that Plaintiff consistently complained of hip pain during at least three examinations over the course of seven months, all occurring after the first ALJ decision, resulting in at least two referrals to orthopedics for follow up. (AR 807-808, 811, 824-825, 834, 854). To the extent the observations contained in these reports tend to corroborate Plaintiff's subjective complaints, they should be properly weighted and taken into consideration on remand.

7

telephone solicitor and adopted the RFC assessment of the prior ALJ. (AR 23-24). In making this determination, the ALJ took into account Plaintiff's testimony and the medical opinions of two consultative examiners, Dr. Wallack and Dr. Brawer. (AR 23-24). In regards to Planitiff's hip pain, the ALJ noted that Dr. Wallack opined that Plaintiff could "lift/carry up to 50 pounds occasionally and 25 pounds frequently, stand/walk for up to 6 hours in an 8-hour workday, unrestricted sitting, and occasional postural activities." (AR 23). This corresponds to "medium work," as defined in the Dictionary of Occupational Titles ("DOT"). See Appendix C, Physical Demands, Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles. The ALJ recognized that "this is somewhat more restrictive in terms of lifting/carrying than the previously assessed residual functional capacity," but:

> [s]ince the more restrictive lifting/carrying assessment would not preclude performance of the claimant's past relevant sedentary work, I find that this change is not "material" to the conclusion that the claimant continues to be "not disabled" as defined by the Social Security law, and I continue to adopt the residual functional capacity set forth within the previous Administrative Law Judge decision as claimant's current residual functional capacity.

(AR 23). The previously assessed residual functional capacity found Plaintiff able to perform work at all exertional levels, but Plaintiff's new hip impairment limited her to a maximum exertional level of medium work. Therefore, it is technically erroneous for the ALJ to apply res judicata wholesale to the previous exertional limitations in the prior ALJ's RFC assessment because the more restrictive exertional limitations resulting from Plaintiff's hip impairment is a "changed circumstance." See Schreier v. Astrue, 2009 WL 4757242, at *4 (D. Nev. Dec. 10, 2009) (plaintiff had rebutted presumption of continuing nondisability by submitting

8

additional medical records establishing the existence of a new severe impairment, so ALJ properly "continued his analysis to determine whether plaintiff presented new and material evidence related to the ALJ's 2003 findings regarding her RFC"). However, this error is harmless because reference to the DOT shows that the limitation to medium exertional work does not preclude performance of Plaintiff's past relevant work as a telephone solicitor, which is sedentary.[3] See 20 C.F.R. § 404.1566(d)(1) (requiring ALJ to take notice of DOT classifications).

In regards to Plaintiff's new mental impairments, the ALJ accorded great weight to the opinion of Dr. Brawer, who determined that Plaintiff's depression and memory impairments would cause "mild limitations in her ability to manage customary work stress and persist throughout a regular workday," "mildly diminish" her "ability to sustain attention and concentration for extended periods," and limit her ability to perform the full range of detailed, varied, and complex tasks. (AR 21, 768, 722). Although stemming from nonsevere impairments, these new functional limitations were not accounted for in the prior RFC assessment and therefore constitute "changed circumstances." SSAR 97-4(9), 1997 WL 742758, at *3 (a "changed circumstance" includes "the alleged existence of a new impairment(s) not previously considered" that "affect[s] the issue of disability").

---

[3] The DOT addresses all of the new exertional limitations found by Dr. Wallack. Specifically, the DOT states that the exertional level required to perform work as a telephone solicitor includes:
> Exerting up to 10 pounds of force occasionally (Occasionally: activity or condition exists up to 1/3 of the time) and/or a negligible amount of force frequently (Frequently: activity or condition exists from 1/3 to 2/3 of the time) to lift, carry, push, pull, or otherwise move objects, including the human body. Sedentary work involves sitting most of the time, but may involve walking or standing for brief periods of time. Jobs are sedentary if walking and standing are required only occasionally and all other sedentary criteria are met.

DOT 299.357-014, Telephone Solicitor (Miscellaneous Sales Occupations).

9

The hypothetical presented to the VE at the prior hearing did not include these functional limitations. (AR 43, 54-55). The DOT entry for telephone solicitor does not specifically address these types of limitations. See DOT 299.357-014, Telephone Solicitor (Miscellaneous Sales Occupations). Therefore, the ALJ should have taken the testimony of a VE to determine whether these new functional limitations would preclude performance of Plaintiff's past relevant work as a telephone solicitor. See Gregg, 2013 WL 2423132, at *5-6 (additional VE testimony required because hypothetical at prior hearing did not take into account the environmental limitations resulting from plaintiff's new impairment); see also Schreier, 2009 WL 4757242, at *5 (additional VE testimony not required because hypothetical at prior hearing took into account the functional limitation resulting from plaintiff's new impairment). This error is not harmless because there is no VE testimony or reference to the DOT to support a finding that Plaintiff could perform her past relevant work as a telephone solicitor if the new functional limitations opined by Dr. Brawer were incorporated into Plaintiff's RFC. See Gregg, 2013 WL 2423132, at *5. Accordingly, the ALJ's determination that the Plaintiff is not disabled is not supported by substantial evidence.

## VI. CONCLUSION

For the foregoing reasons, the decision of the Commissioner that Plaintiff is not disabled and therefore is not entitled to benefits is REVERSED and this action is REMANDED for further proceedings in accordance with this decision.

DATED: October 7, 2015

*Rozella A. Oliver*
HON. ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE

### NOTICE

**THIS DECISION IS NOT INTENDED FOR PUBLICATION IN LEXIS/NEXIS, WESTLAW OR ANY OTHER LEGAL DATABASE.**